IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN CIRIA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS J. RUBINO, et al. <br><br> Defendants. | No. C 07-4770 MJJ (PR) <br><br> **ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br> (Docket No. 3) |

Plaintiff, a California prisoner proceeding pro se and currently incarcerated at California State Prison, Solano, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, officers of the San Francisco Police Department, withheld exculpatory evidence during the course of his criminal trial in San Francisco County Superior Court, in violation of plaintiff's constitutional rights. He seeks declaratory and injunctive relief,[1] including an order to have defendants locate, preserve an turn over to him the missing evidence.

Plaintiff has also applied for leave to proceed in forma pauperis.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

---

[1] As he does not seek money damages, the bar in Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), does not apply.

G:\PRO-SE\MJJ\CR.07\ciria.srv.wpd

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

When liberally construed, the complaint states a claim cognizable under § 1983 that defendants violated his rights under the Fifth, Sixth, and Fourteenth Amendments, by withholding exculpatory evidence of his innocence prior to his criminal trial.[2]

## CONCLUSION

In order to expedite the resolution of this case, the Court orders as follows:

1.   The Clerk of Court shall issue summons and the United States Marshall shall serve a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Officer Nicholas J. Rubino (Badge # 448), Officer Aissa (Badge # 218), Officer James Crowley (Badge #416), Detective Arthur Gerrans (Badge #624) at the San Francisco Police Department.**[3]  The Clerk shall also mail a courtesy copy of this order and the complaint to the San Francisco City Attorney.

3.   No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.   If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. §

---

[2] Although the trial took place in 1990, plaintiff alleges he did not discover the missing evidence until more recently.

[3] Plaintiff identifies other defendants as "Doe", but not by name. Until they are named by plaintiff, such defendants cannot be served.

G:\PRO-SE\MJJ\CR.07\ciria.srv.wpd           2

1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

   a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

> testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.  All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be

G:\PRO-SE\MJJ\CR.07\ciria.srv.wpd                4

1  granted. Any motion for an extension of time must be accompanied by a showing of good
2  cause for the extension requested, and must be filed no later than the deadline sought to be
3  extended.
4      11.    Plaintiff's request to proceed in forma pauperis (Docket No. 2) is
5  GRANTED. The total filing fee that will ultimately be due is $350.00. In view of plaintiff's
6  income and account balance over the last six months, an initial partial filing fee of $60.00 is
7  now due. Funds for the filing fee will be taken from income to plaintiff's account in
8  accordance with 28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions
9  will be sent to plaintiff, the prison trust account office, and the Court's financial office.
10     This order terminates docket number 3.
11     IT IS SO ORDERED.
12  DATED: 10/12/2007

MARTIN J. JENKINS
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.
>
> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff
      Finance Office

G:\PRO-SE\MJJ\CR.07\ciria.srv.wpd              6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOAQUIN CIRIA,

    Plaintiff,

v.

NICHOLAS J. RUBINO et al,

    Defendant.
    _____/

Case Number: CV07-04770 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 16, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joaquin Ciria
California State Prison-Solano
CDC # E-89966
P.O. Box 4000
Vacaville, CA 95696

Dated: October 16, 2007

*Lashanda Scott*
Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk