1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | DANIEL ZAHEER, State Bar #237118
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, 6th Floor
5 | San Francisco, California 94102-5408
Telephone:    (415) 554-3822
6 | Facsimile:     (415) 554-3837
E-Mail:         daniel.zaheer@sfgov.org

Attorneys for Defendant
CITY & COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOAQUIN CIRIA, | Case No. C07-4770 MJJ |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| NICHOLAS J. RUBINO, OFFICER AISSA, JAMES CROWLEY, ARTHUR GERRANS AND DOES 1-10 INCLUSIVE, | **[FED. R. CIV. P. 12(b)(6)]** |
| | Hearing Date:   February 12, 2008 |
| Defendants. | Time:           9:30 a.m. |
| | Place:          Courtroom 11 |
| | Judge:          Martin J. Jenkins |
| | Trial Date:     Not Set |

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

TO PLAINTIFF IN PRO PER:

Please take notice that on February 12, 2008, at 9:30 a.m., before the Honorable Martin Jenkins, in Courtroom 11, at U.S. District Court, 450 Golden Gate Avenue in San Francisco, California, or as soon thereafter as this matter can be heard, the City and County of San Francisco

1  ("City"), will and hereby does move for dismissal with prejudice of all claims in plaintiffs' Complaint
2  in this action pursuant to Federal Rule of Civil Procedure 12(b)(6).
3       Defendant is entitled to dismissal of all causes of action in plaintiffs' Complaint because
4  plaintiff fails to state any claim under 42 U.S.C. § 1983 upon which relief can be granted.
5  Specifically, plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87
6  (1994); and by the applicable statute of limitations. The Complaint fails also to state a claim under
7  *Brady v. Marlyand*, 373 U.S. 83 (1963), and fails to allege facts that make out an official capacity suit
8  under section 1983.
9       This motion to dismiss shall be based on this Notice Of Motion And Motion To Dismiss for
10 Failure to State a Claim And Supporting Memorandum Of Points and Authorities, the Request for
11 Judicial Notice, the Declaration of Daniel Zaheer, and the Proposed Order, all filed or lodged
12 herewith, as well as the file in this case, the argument of counsel at the hearing, and any such further
13 matters as the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Plaintiff Joaquin Ciria, an inmate currently incarcerated at California State Prison, Solano, filed this civil rights action on September 17, 2007, alleging that four former San Francisco police officers acting in their individual and official capacities violated 42 U.S.C. § 1983 by suppressing exculpatory evidence from his 1991 murder trial. Ciria alleges that in December 2003 he became aware that defendants had an obligation to disclose all exculpatory evidence before his trial. Complaint ¶ 32. After acquiring this understanding Ciria claims he realized that defendants should have disclosed several classes of evidence, including: "surveillance records/reports" documenting surveillance of him allegedly conducted by defendants before and after the alleged murder (*Id.* ¶¶ 33, 37-38); "witness statements collected by the detectives on April 18, 1990" (*Id.* ¶ 34); evidence regarding why it was decided that "the physical line-up was comprised of six black males with afros when Plaintiff clearly had a jeri curl hairstyle" on the night of the murder (*Id.* ¶ 35); and information regarding how two of the defendant officers learned that Ciria drove a Red Pontiac Firebird before the

murders (*Id.* ¶ 36). Through his suit, Ciria seeks a declaratory judgment that his constitutional rights were violated and an injunction ordering defendants to preserve the allegedly suppressed evidence and to turn it over to the Court. *Id.* at 12-14. He does not seek monetary recovery. *Id.*

On October 12, 2007, the Court issued an Order of Service which, inter alia, directed defendants to file a dispositive motion no later than 90 days from the date of the order. The City brings this motion on its own behalf in response to the Court's order, asking that the Court dismiss the complaint in its entirety because it is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), is untimely under the applicable statute of limitations and because it fails to state a valid cause of action.

## II.  LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure § 12(b)(6) when "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

## III.  ARGUMENT

### A.  Defendants, Who Are No Longer SFPD Employees, Have Not Yet Been Individually Served.

Ciria has sued each of the four specifically named officer defendants in their individual and official capacities. Complaint ¶¶ 4-7. In its October 12 Order the Court instructed the U.S. Marshall to serve each of the defendants specifically named in the complaint. October 12 Order at 2. The Marshall did so by delivering a copy of the summons and complaint to the San Francisco Police Department ("SFPD") at 850 Bryant Street in San Francisco and by delivering a courtesy copy to the San Francisco City Attorney's Office. *See* Docket Nos. 7-11. However, none of the named officers are current employees of SFPD: Officers Rubino, Crowley and Gerrans are retired, and the City has been unable to identify Officer Aissa as a current or former employee of SFPD. *See* Decl. of Daniel A. Zaheer Re: Status of Service ¶¶ 3-4.

Local government employees sued in their individual capacities must be served individually. *See Allison v. Utah County Corp.*, 335 F.Supp.2d 1310, 1314 (D. Utah 2004). As service upon an individual's former place of employment is insufficient, *see*, *e.g.*, *Zirbes v. Stratton*, 187 Cal.App.3d 1407, 1417-18 (Cal. Ct. App. 1986), the individual defendants have not yet properly been served.[1]

In contrast, a suit against a government employee in his official capacity is treated as a suit against the government entity employer – here the City – and therefore proper service upon the City is adequate. *See Hart v. Parks*, 450 F.3d 1059, 1071 n.12 (9th Cir. 2006). Although the City was not properly served by delivery of the summons and complaint to the Office of the Mayor, *see* Cal. Code of Civ. P. § 416.50(a), the City hereby voluntarily appears through this motion.

Accordingly, this motion is brought on behalf of the City alone. However, the City believes – for the reasons set forth in detail below – that the case should be dismissed in its entirety, with respect to all defendants.

### B. Ciria's Section 1983 Claim Is Barred Under *Heck v. Humphrey* Because The Underlying Criminal Judgment Has Not Yet Been Invalidated.

A prisoner may not seek relief under 42 U.S.C. § 1983 that would necessarily imply the invalidity of his conviction unless the plaintiff can demonstrate the conviction has already been set aside, for example by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Ciria has failed both prongs of *Heck*. First, his conviction remains extant. Ciria was convicted of murder and sentenced to a term of 31 years to life on March 22, 1991 and the conviction was affirmed on direct appeal. *See* Request for Judicial Notice ("RFJN") Exh. B at 5; Exh. C. Ciria's Complaint does not allege that Ciria's conviction has been vacated, stating instead that he remains incarcerated. Complaint ¶ 3. He also admits in the declaration filed as an attachment to his complaint that his 2005 state habeas corpus petition was denied.[2] *See* RFJN, Exh. A ¶ 21. In fact,

---

[1] The City is currently unaware of the current whereabouts of any of the named defendants. Zaheer Decl. ¶¶ 3-6. However, the City's efforts to determine the locations of the named defendants are continuing. Zaheer Decl. ¶¶ 5-6. If and when this information is found, the City will notify the Court. However, if the Court grants this motion, it will dispose of this case in its entirety. In that circumstance, service on the individual officers will not be necessary.

[2] The Court may consider exhibits attached to the Complaint in ruling on this motion to dismiss. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

1  Ciria has filed at least seven habeas corpus petitions, all of which have been denied.  *See* RFJN, Exhs.
2  D-L.  Second, Ciria's Complaint would necessary imply the invalidity of his conviction.  In the
3  Complaint, Ciria asks the Court to issue a declaratory judgment that defendants violated his rights
4  under *Brady v. Maryland*, 373 U.S. 83 (1963), during his 1991 trial.  Such a ruling would be
5  irreconcilable with his conviction.  *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d
6  675, 682 (9th Cir. 1984).  Therefore the complaint must be dismissed with prejudice under *Heck*.

7       The Court's October 12 Order noted that "[a]s [plaintiff] does not seek money damages, the
8  bar in [*Heck*] does not apply." Oct. 12 Order, at 1 n.1.  The City respectfully calls the Court's
9  attention to contrary authority.  Facing a claim substantially identical to the one made here, the Ninth
10 Circuit in *Ybarra* held that a prisoner was barred from bringing a section 1983 suit seeking a
11 declaratory judgment that his constitutional rights under *Brady* had been violated.  *Ybarra*, 723 F.2d
12 at 682.  Anticipating the reasoning of *Heck*, the court held that "the exclusive remedy for this
13 determination lies in habeas corpus."  *Id.*  The court explained that "[a]lthough [the petitioner] does
14 not specifically request release, the finding of such declaratory relief in his favor would show that
15 release was required."  *Id.*  Thus there was "no valid purpose for the maintenance of [the] claim for
16 declaratory relief until the habeas corpus petition ha[d] been finally determined."  *Id.*

17      Similarly, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* to a
18 claim for declaratory relief, holding that a prisoner could seek neither monetary nor declaratory relief
19 under section 1983 for the deprivation of good-time credits until the disciplinary sanction was
20 vacated.  *See id.* at 648; *see also Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007) (interpreting
21 *Edwards* to stand for the proposition that "*Heck*'s principle applies regardless of the form of remedy
22 sought").  Finally, in *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), the Supreme Court removed all
23 doubt by holding pointedly that "a state prisoner's § 1983 action is barred (absent prior
24 invalidation)—no matter the relief sought (damages or equitable relief)."  Accordingly, it is
25 immaterial whether Ciria seeks monetary, declaratory or injunctive relief.  As *Ybarra* holds, before
26 the Court reaches the question of remedy, it must first ask whether Ciria's constitutional rights under
27 *Brady* were violated.  *See Ybarra*, 723 F.2d at 682.  That, however, is the very inquiry that *Heck*
28 forbids.  The Complaint must therefore be dismissed.

### C. The Complaint, Which Relates to Conduct More than 16 Years Old, Is Barred by the Statute of Limitations.

If *Heck* applies, then Ciria's claim has not yet accrued and is premature. *See Whitaker*, 486 F.3d at 583 (holding, based upon *Heck*, that a section 1983 action challenging the constitutionality of a conviction does not accrue "until the criminal charges have been dismissed or the conviction has been overturned"). However, even assuming *arguendo* that *Heck* does not apply, Ciria's claim that the officers suppressed evidence in his criminal case 16 years ago is time barred by the applicable one-year statute of limitations.

The statute of limitations for a claim brought under section 1983 is determined by reference to the forum state's statute of limitations for personal injury actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The maximum statute of limitation that could apply to Ciria's Complaint is two years from accrual. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007).

The date of accrual of a section 1983 claim is determined pursuant to the federal "discovery rule" in which courts ask when plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." *Id.* at 1133 (citation omitted). Apparently invoking this rule, the Court in its October 12 Order stated that "[a]lthough the trial took place in 1990, plaintiff alleges he did not discover the missing evidence until more recently." October 12 Order at 2 n.2. However, the Complaint does not allege that Ciria discovered new facts or evidence before filing this action. Instead, the Complaint alleges only that "[o]n or about December 2003, Plaintiff became aware that the prosecution, consisting of the police department and its officers, was required by law to disclose all information regarding his innocence." Complaint ¶ 32, 37. This "discovery" – that plaintiff had rights under *Brady* – amounts to nothing more than an allegation that plaintiff was ignorant of his legal rights for 12 years after his trial.

Ignorance of the law, however, is insufficient to invoke the discovery rule. The Supreme Court has explained that under the discovery rule the plaintiff's "ignorance of his legal rights" does not delay accrual; rather, accrual occurs when the plaintiff possess "the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979) (applying discovery rule under the Federal Tort Claims Act); *see also Nasim v. Warden*, 64 F.3d 951, 955 (4th

CCSF'S MOTION TO DISMISS COMPLAINT
Ciria v. CCSF, Case No. C07-4770 MJJ             6                    n:\lit\li2007\080528\00450754.doc

1  Cir. 1995) (applying *Kubrick* to a section 1983 case); 1B MARTIN A. SCHWARTZ, SECTION 1983
2  LITIGATION § 12.03[B] (4th ed. 2007) ("For the claim to accrue, a plaintiff need not know that the
3  defendant's conduct is tortious or unlawful.").  Moreover, where as here the plaintiff is represented by
4  counsel at the time the injury occurs, counsel's knowledge is imputed to the plaintiff.  *See Veal v.*
5  *Geraci*, 23 F.3d 722, 725 (2d Cir. 1994) (holding that counsel's knowledge of facts regarding
6  allegedly tainted lineup were imputed to the plaintiff).  It is therefore no excuse that Ciria waited 12
7  years to educate himself regarding his constitutional rights and 16 years to bring a claim.  The
8  Complaint is barred by the statute of limitations.

   **D.   The Complaint Contains Several Other Defects Warranting Dismissal**

10  In addition to the critical defects already noted, the Complaint must be dismissed for several
11  other reasons.  First, the Complaint fails to state a colorable *Brady* claim because as investigating
12  officers, defendants have no liability under *Brady*.  *See Broam v. Bogan*, 320 F.3d 1023, 1033 (9th
13  Cir. 2003).  It is the prosecutor, not the investigating officers, who has the obligation of disclosing
14  *Brady* material to the defense.  *See id.* (citing *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir.
15  1992)).  The officers' only obligation is to disclose evidence to the prosecutor.  *See id.* (citing
16  *McMillan v. Johnson*, 88 F.3d 1554, 1567 (11th Cir. 1996)).  Second, an official capacity suit against
17  the officers must be dismissed because they have retired.  *See Zach v. California Pub. Utilities*
18  *Comm'n*, No. 95-2160CW, 1995 WL 848952, at *1, n.1 (N.D. Cal. Oct. 27, 1995).  Finally, even if
19  Ciria had sued a current City employee in his or her official capacity, that suit would merely be one
20  against the City.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  But Ciria has failed to state a
21  claim against the City because the Complaint contains no allegation that "the individual officers'
22  conduct conformed to official policy, custom, or practice."  *Whitaker*, 486 F.3d at 581 (citation
23  omitted).

24  **IV.   CONCLUSION**

25  For all of the foregoing reasons, the City respectfully requests that the Court dismiss the
26  Complaint in its entirety without leave to amend.

Dated: January 4, 2008

                DENNIS J. HERRERA
                City Attorney
                JOANNE HOEPER
                Chief Trial Deputy
                DANIEL ZAHEER
                Deputy City Attorney

By:        /s/
        DANIEL ZAHEER

        Attorneys for Defendant(s)
        CITY AND COUNTY OF SAN FRANCISCO