DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DANIEL ZAHEER, State Bar #237118
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3822
Facsimile:     (415) 554-3837
E-Mail:        daniel.zaheer@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOAQUIN CIRIA, | Case No. C07-4770 MJJ |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| NICHOLAS J. RUBINO, OFFICER AISSA, JAMES CROWLEY, ARTHUR GERRANS AND DOES 1-10 INCLUSIVE, | Trial Date:        None Set |
| Defendants. | |

On February 12, 2008, Defendant City And County Of San Francisco's motion to dismiss came on regularly for hearing. After full consideration of the briefing, the arguments of plaintiff in pro per and defense counsel, and the pleadings on file in this case, this Court GRANTS defendants' motion in its entirety.

**BACKGROUND**

Plaintiff Joaquin Ciria, an inmate currently incarcerated at California State Prison, Solano, filed this civil rights action on September 17, 2007, alleging that four former San Francisco police officers acting in their individual and official capacities violated 42 U.S.C. § 1983 by suppressing exculpatory evidence from his 1991 murder trial. Through his suit, Ciria seeks a declaratory

judgment that his constitutional rights were violated and an injunction ordering defendants to preserve the allegedly suppressed evidence and to turn it over to the Court. *Id.* at 12-14. He does not seek monetary recovery.

## LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure § 12(b)(6) when "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

## ANALYSIS

A prisoner may not seek relief under 42 U.S.C. § 1983 that would necessarily imply the invalidity of his conviction unless the plaintiff can demonstrate the conviction has already been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Ciria has failed both prongs of *Heck*. First, his conviction remains extant. Second, Ciria's claim necessarily implies the invalidity of his conviction. In the Complaint, Ciria asks the Court to issue a declaratory judgment that defendants violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), during his 1991 trial. Such a ruling would be irreconcilable with his conviction. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 682 (9th Cir. 1984). Therefore the complaint must be dismissed with prejudice under *Heck*.

## CONCLUSION

Accordingly, defendants' motion is GRANTED and the complaint is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated:_____          _____

                                   HON. MARTIN JENKINS

                                   United States District Court Judge