JOAQUIN CIRIA
E-89966 Facility 2-12-117
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

FILED

Plaintiff **IN PRO SE**
JOAQUIN CIRIA

 ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN CIRIA, | ) | Case No. C 07-4770 MJJ(PR) |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR ENLARGEMENT |
| | ) | OF TIME TO FILE PLAINTIFF'S |
| vs. | ) | MOTION IN OPPOSITION AND |
| | ) | PLEADINGS; DECLARATION OF |
| NICHOLAS J. RUBINO, et al, | ) | JOAQUIN CIRIA, IN SUPPORT |
| | ) | |
| Defendants. | ) | [28 U.S.C. § 1746] |
| | ) | |

**COMES NOW** above-named plaintiff, **JOAQUIN CIRIA,** appearing in the above-entitled cause of action without the assistance of counsel, and moves this Court for an enlargement of time of thirty (30) days, to and including March 3, 2008, by which to file Plaintiff's Opposition to Defendant's Motion To Dismiss ("Motion to Dismiss") and other pleadings compelled by the Respondent's arguments.

**IN SUPPORT THEREOF,** I, **JOAQUIN CIRIA,** do hereby declare under penalty of perjury as follows:

1. That I am over the age of 18 years and the plaintiff in the above-entitled matter. I have personal knowledge of the facts

-1-

1  set forth below, and if called to testify, could and would

2  competently testify as to such facts.

3      2. That on or about January 8, 2008, I received the

4  Defendant's Motion to Dismiss and attendant Memorandum of Points

5  and Authorities In Support. At that time, California State Prison

6  - Solano ("Solano"), was on complete lockdown with no inmate

7  movement whatsoever due to a "work stoppage" that occurred on

8  January 7, 2008. (See Exhibit A.) Due to the lockdown, I had

9  no access to Inmate Marcos Rogelio Juarez ("Juarez"), the inmate

10  assisting me with my legal papers and submission of same. As a

11  result, I was prohibited from giving Juarez the Motion to Dismiss.

12      3. That on January 9, 2008, Inmate Juarez appeared at my cell

13  door inquiring if I had received any papers from the court and/or

14  the respondents. Juarez is a member of the Men's Advisory Council

15  (M.A.C.) and was disseminating information to the general

16  population concerning a meeting the institution heads held with

17  the M.A.C.'s to determine the cause of the work stoppage and

18  resolution of same. At that time, I handed Juarez the Motion

19  to Dismiss I received from the defendants. He informed me that

20  until access to the law library was reinstated for all inmates,

21  he could not competently research the papers and reply to said

22  pleadings. Juarez added that he would prepare an application for

23  enlargement of time to answer the defendant's petition if he was

24  denied access to the law library.

25      4. That on January 14, 2008, I returned to work. (See

26  Exhibit A.) The following day library access was reinstated but

27  restricted to inmates with "APPROVED COURT DEADLINES" only. I

28

-2-

1  contacted Juarez and learned that he was attempting to attend the
2  library to conduct legal research. He told me that after reading
3  the Motion to Dismiss, he discovered that additional pleadings
4  were necessary. He explained that the City of San Francisco
5  needed to be named as a defendant to the complaint. He further
6  stated that a motion for leave to file an amended petition was
7  required. I was informed by other inmates that Juarez was not
8  allowed to attend  the law library because he did not have a court
9  deadline. (See Declaration of Marcos Rogelio Juarez, In Support,
10  p. 3.)

11  5. That I have not made a prior application to this Court
12  for an extension of time to file the Motion in Opposition.
13  Moreover, as of the date of this declaration, Facility II remains
14  on a "State of Emergency" allowing only those inmates with
15  APPROVED COURT DEADLINES access to the library. (See Exhibit A
16  see also Declaration of Marcos Rogelio Juarez, In Support, p. 3.)

17  6. That Inmate Juarez prepared and typed this declaration,
18  the accompanying application for enlargement of time, his
19  declaration, and read and explained to me the contents of the
20  foregoing pleadings in their entirety.

21  7. That based on the foregoing and the Declaration of Marcos
22  Rogelio Juarez, In Support, I am petitioning the court for an
23  additional thirty (30) days, to and including March 3, 2008, by
24  which to file the Motion In Opposition to Defendant's Motion to
25  Dismiss. Pursuant  to this Court's order issued on October 12,
26  2007, I had "thirty (30) days from the date defendants' motion
27  is filed" to file a motion in opposition. (See Order, p. 3. No.

28

-3-

4.)

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, except for statements made on information and belief, and as to such latter statements, I believe them to be true and correct.

Executed on January 27, 2008, at Solano State Prison, Vacaville, California.

_____
JOAQUIN CIRIA
Declarant/Plaintiff

///

///

///

-4-

**DECLARATION OF MARCOS ROGELIO JUAREZ,**

**IN SUPPORT**

**[28 U.S.C. §1746]**

1  J O A Q U I N   C I R I A
   E-89966 Facility 2-12-117
2  C.S.P. - Solano State Prison
   Post Office Box 4000
3  Vacaville, California 95696-4000

4  Plaintiff **IN PRO SE**
   **JOAQUIN CIRIA**

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOAQUIN CIRIA,                    )        Case No. C 07-4770 MJJ(PR)
                                      )
12               Plaintiff,           )
                                      )        DECLARATION OF **MARCOS**
13  vs.                               )        **ROGELIO   JUAREZ,**  IN
                                      )        SUPPORT OF APPLICATION
14  NICHOLAS J. RUBINO, et al.,       )        FOR ENLARGEMENT OF TIME
                                      )
15               Defendants. )
    _____)         [28 U.S.C. § 1746]

16

17      I, **MARCOS ROGELIO JUAREZ**, do hereby declare under penalty
    of perjury as follows:

18
        1. That I am over the age of 18 years and not a party to the
19
    above-entitled cause of action.  I have personal knowledge of the
20
    facts set forth below, and if called to testify, could and would
21
    competently testify as to such facts.
22
        2. That  I  am  currently  incarcerated  in  the  California
23
    Department  of  Corrections,  housed  at  Solano  State  Prison
24
    ("Solano"), in Vacaville, California.  I prepared the accompanying
25
    Application for Enlargement of Time To File Motion In Opposition
26
    and  Pleadings,  the  Declaration  of  **JOAQUIN  CIRIA**  (hereinafter
27

28
                                -1-

1   "Plaintiff"), and this declaration.

2       3. That on January 7, 2008, Solano declared a "State of

3   Emergency" due to a work stoppage for reasons not relevant to

4   these pleadings.   At that time, all inmate movement, including

5   access to the law library, was suspended.   On January 9, 2008,

6   I was summoned to attend a meeting with the captains, Associate

7   Warden and other institutional officials.   I am an elected member

8   of the Men's Advisory Council (M.A.C.) and when health permits,

9   meet with administration to discuss and resolve issues concerning

10  the inmate population.

11      4. That after the conclusion of the meeting, the M.A.C.

12  representatives were allowed to circulate to other buildings to

13  disseminate the information gathered from the meeting.   At that

14  time, I stopped by Plaintiff's cell and asked if he had received

15  any legal papers from the court or the defendants.   The Plaintiff

16  handed me the defendant's Motion to Dismiss and attendant

17  Memorandum of Points and Authorities.   I advised the Plaintiff

18  that according to the administrators at the meeting, all inmate

19  program was canceled until further notice.   As a result, I told

20  the Plaintiff that I could not competently answer the defendant's

21  motion and if needed would prepare an application for an

22  enlargement of time to file said pleadings.

23      5. That on January 15, 2008, access to the law library was

24  reinstated for inmates with "APPROVED COURT DEADLINES" only.   (See

25  Exhibit A; Legal Library.)   I do not have a verified court

26  deadline and therefore, cannot attend the library to conduct legal

27  research.   I have submitted several memorandums to administration

28

                                -2-

1 | requesting access for those inmates assisting others with their
2 | legal papers who do not or cannot access the law library resources
3 | due to language barriers, illiteracy, and/or other learning
4 | disabilities. (See Exhibit B, pp. 1-3.)  I have exhausted this
5 | issue at  Solano and currently waiting to receive a reply from
6 | the Director of Corrections. (See Exhibit B, p. 3.)

7 | 6. That after reading the defendant's motion to dismiss, I
8 | discovered that I neglected to name the City of San Francisco as
9 | a defendant in the complaint. As a result, I informed the
10 | Plaintiff that I will prepare a  motion for leave to file a first
11 | amended petition along with a First-Amended Petition, pursuant
12 | to Federal Rules of Civil Procedure, rule 15(a).

13 | 7. That on January 25, 2008, I met with the M.A.C. Executive
14 | Chairman and was handed Exhibit A, the new "Program Status
15 | Report," which indicates that only those inmates with verified
16 | court deadlines will be permitted to attend the law library.  On
17 | January 26, 2008, I went to the law library and asked for
18 | permission to access the library due to numerous pending court
19 | deadlines, not  only Plaintiff's but other inmates that I am
20 | helping. I was not allowed entrance and notified that until
21 | regular program is reinstated or I have a court deadline of thirty
22 | (30) days or less, I would not be permitted access to the legal
23 | resources in the law library.

24 | 8. That on the same day, while waiting outside the law
25 | library, I handed the Plaintiff the enlargement of time, his and
26 | my declaration, and read and explained the contents to him in its
27 | entirety.  I directed the Plaintiff to sign in the appropriate

28 |

-3-

1  places and to obtain copies for himself, the defendants, and the
2  court.

3      9. That I anticipate reinstatement of law library access
4  in approximately ten (10) days to two (2) weeks and will have
5  sufficient time to prepare and provide the Plaintiff with his
6  Motion in Opposition, the Motion for Leave to File First-Amended
7  Petition, and the First-Amended Petition, by March 3, 2008, for
8  the Plaintiff to mail to the defendants and this Court.

9      I declare under penalty of perjury, under the laws of the
10  United States, that the foregoing is true and correct, except for
11  statements made on information and belief, and as to such latter
12  statements, I believe them to be true and correct.

13      Executed on January 26, 2008, at Solano State Prison,
14  Vacaville, California.

15
16                              _____
17                              MARCOS ROGELIO JUAREZ
                                Declarant
18  ///
19  ///
20  ///
21
22
23
24
25
26
27
28
                              -4-

# EXHIBIT



STATE OF CALIFORNIA
CDCR 3022E (REV 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION: SOLANO (SOL) | EFFECTIVE DATE OF PLAN: January 8, 2008 | PROGRAM STATUS NUMBER: SOL- January 07- 08- 001 |
|---|---|---|

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|

| ☒ INITIAL | ☐ UPDATE | ☐ CLOSURE |
|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☒ ALL | ☐ BATTERY ON A PEACE OFFICER |
| ☒ FACILITY:   I & II | ☐ BLACK | ☐ DEATH |
| ☒ HOUSING UNIT:  1-6, 7,8,11, 12 & H-Dorm | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☒ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☒ EDUCATION: | ☐ OTHER | ☒ OTHER   INMATE WORK STOPPAGE |
| ☒ OTHER:   ALL LEVEL III AREAS | ☐ | ☐ |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ NORMAL / SEE "REMARKS" BELOW | ☐ NORMAL |
| ☒ ESCORT MOVEMENT/10 I/M's – 2 STAFF | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ CLERKS | **RECREATION** |
| ☒ OTHER:  VISUAL ON LIMITED MOVEMENT | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| (IF 4 INMATES OR LESS) | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☒ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☒ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☐ NORMAL | ☐ MODIFIED: |
| ☐ TIER AT A TIME | ☐ ESCORTED | |
| ☒ ONE HOUSING UNIT AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | **PACKAGES** |
| | ☒ DAILY- 4 CELLS @ A TIME - CONT'D | |
| ☐ SACK MEAL BREAKFAST | ROTATION (2W,3W) | ☐ NORMAL |
| ☒ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☒ NO PACKAGES |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | ☐ MODIFIED: |
| **DUCATS** | ☐ NO SHOWERS | |
| ☒ See MOVEMENT section above for ratio | **MEDICAL** | **PHONE CALLS** |
| ☒ MEDICAL DUCATS | ☐ NORMAL MEDICAL PROGRAM | ☐ NORMAL |
| ☒ CLASSIFICATION DUCATS | ☒ PRIORITY DUCATS | ☒ NO PHONE CALLS |
| ☒ PRIORITY DUCATS | ☒ CONDUCT ROUNDS IN UNITS | ☐ MODIFIED: |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | |
| ☐ NORMAL VISITING | ☐ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | ☒ OTHER:   NARCOTICS -ESCORT | ☐ NORMAL |
| ☒ NO VISITING | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| | | CHAPLAINS MAKE |
| ☐ OTHER: | ☐ NORMAL | ☒ MODIFIED:  ROUNDS |
| | ☒ APPROVED COURT DEADLINES PAGING SYSTEM ONLY | |

REMARKS: On Monday, January 7, 2008, at approximately 0330 hours, culinary inmate workers initiated a work stoppage (strike). Subsequently , later in the day, the vast majority of all inmate workers on Facilities I & II participated in the strike. All workers were and continue to be offered the opportunity to report to their assigned work areas. The Emergency Operations Center was established at 0826 hours and later deactivated at 2223 hours the same day.

Staff are communicating with inmates in an effort to return them to work and return Level III to normal program.  Staff along with CMF Ranch inmates and Delta Camp inmates perform the essential institutional functions like meal preparation, feeding and sanitation.

State of emergency requested.

State of Emergency only:  Postponement of nonessential administrative decisions, actions and the normal time requirements.

☐ Approved    ☐ Disapproved

| PREPARED BY: S. PECK, FACILITY I CAPTAIN | DATE 1/8/08 | NAME / SIGNATURE (WARDEN)  D. K. SISTO | DATE 1/8/08 |
|---|---|---|---|

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER: |
|---|---|---|
| SOLANO (SOL) | January 17, 2008 | SOL-JANUARY 07-08-001 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☒ STATE OF EMERGENCY |
|---|---|---|---|
| ☐ INITIAL | ☒ UPDATE | | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: FACILITIES I & II | ☐ BLACK | ☐ DEATH |
| ☒ HOUSING UNIT: 1-6, 7, 8, 11, 12, H-DORM | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER INMATE WORK STOPPAGE |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ NORMAL | ☒ NORMAL: Per the schedule |
| ☐ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☐ NO DAYROOM ACTIVITIES |
| | | ☐ MODIFIED: |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | |
| ☒ CONTROLLED MOVEMENT – Direct Supervision | ☐ CLERKS | **RECREATION** |
| ☐ OTHER: | ☐ EDUCATION Complex B only | ☐ NORMAL |
| | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☒ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☐ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☒ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☒ NORMAL : During dayroom activities | ☒ MODIFIED: |
| ☐ TIER AT A TIME | ☐ ESCORTED | 10 AT A TIME |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | **PACKAGES** |
| ☐ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☒ NORMAL–Using ducat/as called by R&R |
| ☐ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☐ NO PACKAGES |
| ☐ SACK MEAL DINNER | ☐ WORKERS/VISITS | ☐ MODIFIED: |
| **DUCATS** | ☐ MODIFIED: | |
| ☒ NORMAL | **MEDICAL** | **PHONE CALLS** |
| ☐ MEDICAL DUCATS ONLY | ☒ NORMAL MEDICAL PROGRAM | ☒ NORMAL: During dayroom activities |
| ☐ CLASSIFICATION DUCATS ONLY | ☐ PRIORITY DUCATS ONLY | ☐ NO PHONE CALLS |
| ☐ PRIORITY DUCATS ONLY | ☐ MTA CONDUCT ROUNDS IN UNITS | ☐ MODIFIED: |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | |
| ☒ NORMAL VISITING | ☐ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | ☐ OTHER: | ☐ NORMAL |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| ☐ OTHER: | ☐ NORMAL | ☒ MODIFIED: Chaplains to make rounds |
| | ☒ APPROVED COURT DEADLINES | |

REMARKS:

On Monday, January 7, 2008, at approximately 0330 hours, inmate culinary workers initiated a work stoppage (Strike), Subsequently, later in the day, the vast majority of all inmate workers on Facilities I & II participated in the strike. As a result the entire population was placed on Modified Program. On Friday, January 11, 2008, almost all SOL Level III inmate workers returned to their work assignments. Based on the magnitude of this incident/disturbance, SOL Level III remains in a State of Emergency and all movement will be controlled pending an assessment of safety, security and resources needs. As of January 15, 2008, inmates were allowed dayroom activities. Effective January 16, 2008, ALL Level III assigned inmates will report to their respective work assignments. Inmates will be allowed dayroom activities per the dayroom schedule; however, due to staff TB testing, dayroom activities may be revised as necessary as approved by Program Supervisor). **Effective Thursday, January 17, 2008, Feeding and Visits will be returned to normal.**

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:

☒ Approved  ☐ Disapproved

| PREPARED BY: V. SINGH, Associate Warden - Lev III Operations | DATE 1/16/08 | NAME/SIGNATURE (WARDEN) D. K. SISTO, Warden | DATE 1/16/08 |
|---|---|---|---|

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER |
|---|---|---|
| SOLANO (SOL) | January 25, 2008 | SOL-JANUARY 07-08-001 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☒ STATE OF EMERGENCY |
|---|---|---|---|
| ☐ INITIAL | ☒ UPDATE | | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY:  FACILITIES I & II | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT:  4-6, 7, 8, 11, 12, H-DORM | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER  INMATE WORK STOPPAGE |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ NORMAL | ☒ NORMAL: Per the schedule |
| ☐ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☐ NO DAYROOM ACTIVITIES |
| | | ☐ MODIFIED: |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | |
| ☒ CONTROLLED MOVEMENT – Direct Supervision | | **RECREATION** |
| ☐ OTHER: | ☐ CLERKS | ☐ NORMAL |
| | ☐ EDUCATION Complex B only | ☒ NO RECREATIONAL ACTIVITIES |
| | ☐ CANTEEN | ☐ MODIFIED: |
| **FEEDING** | ☐ CLOTHING ROOM | |
| ☒ NORMAL | ☐ RESTRICTED WORK PROGRAM | **CANTEEN** |
| ☐ CELL FEEDING | ☐ PORTERS | ☐ NORMAL |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☐ NO CANTEEN |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☒ MODIFIED:  10 at a time |
| ☐ DORM POD AT A TIME | ☒ NORMAL : During dayroom activities | |
| ☐ TIER AT A TIME | ☐ ESCORTED | **PACKAGES** |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | ☒ NORMAL–Using ducat/as called by R&R |
| ☐ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☐ NO PACKAGES |
| ☐ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☐ MODIFIED: |
| ☐ SACK MEAL DINNER | ☐ WORKERS/VISITS | |
| **DUCATS** | ☐ MODIFIED: | **PHONE CALLS** |
| ☒ NORMAL | **MEDICAL** | ☒ NORMAL: During dayroom activities |
| ☐ MEDICAL DUCATS ONLY | ☒ NORMAL MEDICAL PROGRAM | ☐ NO PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☐ PRIORITY DUCATS ONLY | ☐ MODIFIED: |
| ☐ PRIORITY DUCATS ONLY | ☐ MTA CONDUCT ROUNDS IN UNITS | |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | |
| ☒ NORMAL VISITING | ☐ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | ☐ OTHER: | ☒ NORMAL |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| ☐ OTHER: | ☐ NORMAL | ☐ MODIFIED: |
| | ☒ APPROVED COURT DEADLINES | |

REMARKS:

On Monday, January 7, 2008, at approximately 0330 hours, inmate culinary workers initiated a work stoppage (Strike). Subsequently, later in the day, the vast majority of all inmate workers on Facilities I & II participated in the strike. As a result the entire population was placed on Modified Program.
On Friday, January 11, 2008, almost all SOL Level III inmate workers returned to their work assignments. Based on the magnitude of this incident/disturbance, SOL Level III remains in a State of Emergency and all movement will be controlled pending an assessment of safety, security and resources needs. As of January 15, 2008, inmates were allowed dayroom activities. Effective January 16, 2008, ALL Level III assigned inmates will continue to report to their respective work assignments. Inmates will be allowed dayroom activities per the dayroom schedule. Effective Thursday, January 17, 2008, Feeding and Visits returned to normal.

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:
☒ Approved    ☐ Disapproved

| PREPARED BY: | DATE | NAME/SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| V. SINGH, Associate Warden - Lev III Operations | 1/25/08 | D. K. SISTO, Warden | 1/25/08 |

# EXHIBIT

# "B"

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date:     November 25, 2007


To:       M. Juarez, J-91449              8-201L
          California State Prison-Solano


Subject: SECOND LEVEL APPEAL RESPONSE
          LOG NO.:      SOL 07-02423


                        GROUP APPEAL

ISSUE:

It is your position that Level-III General Library User (GLU) status inmates are being
denied meaningful access to the Law Library. You contend that a previously "proposed"
plan for the law library is no where in sight. You contend Priority Legal User (PLU)
status inmates are afforded priority access but not longer access to the Law Library than
GLU status inmates. You contend functionally illiterate and non-English speaking
inmates with court deadlines are being denied access to the library. You contend inmates
assisting other inmates and denied PLU status. Lastly, you contend inmates challenging
denial of state habeas petitions can not prepare a timely plea in response.

You request GLU status inmates be given immediate access after PLU status inmates at
0730 and 1800 hours. You request PLU status for inmates assisting non-English
speaking inmates, illiterate inmates or inmates without knowledge of the law with legal
matters. Lastly, you request PLU status for inmates denied state habeas petitions.

INTERVIEWED BY: T. A. Bertain, Academic Vice-Principal, at the First Level of
review.

REGULATIONS: The rules governing this issue are:

    **California Code of Regulations, Title 15, Section (CCR) 3084.2.**
    **Appeal Preparation.**
         ... (f) Group appeal. If a group of inmates intend to appeal a
    decision, action, or policy affecting all members of the group, one appeal
    form with the name and departmental identification number of the inmate
    who prepared the appeal shall be submitted.
         ... (2) The inmate submitting the appeal shall be responsible for
    sharing the written response with the inmates who signed the appeal
    attachment.

    **CCR 3122. Inmate Law Library.**
         (a) Each facility shall provide legal materials through its law
    library to provide inmates with meaningful access to the courts. Inmates
    with established court deadlines shall be given higher priority to access

JUAREZ, J-91449
CASE NO. 07-02423
PAGE 2

law library resources than those with longer deadlines or without a
deadline.

**CCR 3160. Inmate Access to Courts.**
    (a) Inmate access to the courts shall not be obstructed...

**CCR 3163. Assisting Other Inmates.**
    One inmate may assist another in the preparation of legal
documents, but shall not receive any form of compensation from the
inmate assisted. Legal papers, books, opinions and forms being used by
one inmate to assist another may be in the possession of either inmate with
the permission of the owner. All papers must be returned to the respective
owners when either inmate is transferred to another institution or when
other administrative action prevents direct communications between the
inmates. An inmate may be barred from giving legal assistance to other
inmates when violations of regulations and established procedures relate
directly to such activities. An inmate will not be barred from giving or
receiving legal assistance for violations of regulations and procedures
which are unrelated to providing or receiving legal assistance. However,
no otherwise prohibited contacts or access to prohibited areas will be
permitted because of this regulation.

**CCR 3270. General Policy.**
    The primary objectives of the correctional institutions are to
protect the public by safely keeping persons committed to the custody of
the Director of Corrections, and to afford such persons with every
reasonable opportunity and encouragement to participate in rehabilitative
activities. Consistent effort will be made to insure the security of the
institution and the effectiveness of the treatment programs within the
framework of security and safety. Each employee must be trained to
understand how physical facilities, degree of custody classification,
personnel, and operative procedures affect the maintenance of inmate
custody and security. The requirement of custodial security and of staff,
inmate and public safety must take precedence over all other
considerations in the operation of all the programs and activities of the
institutions of the department.

**CCR 3405. Legal Assistance to Inmates and Parolees.**
    Employees must not assist an inmate or parolee in the preparation
of any legal document, or give any form of legal advice or service, except
as specifically authorized by the warden, superintendent or regional
administrator. Employees should help inmates and parolees to find
qualified assistance for their legal problems.

DISCUSSION:

On September 10, 2007, your appeal partially granted at the First Level. You were
advised GLU status inmates would have access to the Law Library after PLU status
inmates. All your other requests were denied.

On October 5, 2007, you requested Second Level review. You reiterate your concern
regarding GLU access to the Library. You emphasize GLU status inmates should receive
PLU status to allow inmates to respond to the next court in a timely manner.

JUAREZ, J-91449
CASE NO. 07-02423
PAGE 3

DECISION: The appeal is **partially granted**.

Your request GLU status inmates be given access to the Law Library after PLU status inmates at 0730 and 1800 hours is **partially granted**. The Second Level concurs with the First Level response, in that all efforts are made to ensure adequate access to GLU status inmates after PLU status inmates. However, specific hours are not always met due to various conditions, which may be beyond the control of staff.

Your request for PLU status for inmates assisting non-English speaking inmates, illiterate or inmates without knowledge of the law with legal matters is **denied**. Transfer of PLU status to inmates assisting non-English speaking inmates, illiterate inmates or inmates without knowledge of the law with legal matters is not permitted at California State Prison-Solano. PLU status is only afforded to specific inmates and is not transferable.

Lastly, your request for PLU status for inmates who are denied state habeas petitions is **denied**. Denial of state habeas petitions and submittal of a response does not qualify for PLU status because there is no legal deadline yet imposed by the next reviewing court.

You are advised pursuant to CCR 3084.2(f)(2) you are responsible for sharing this written response with other inmates who signed the appeal attachment. You are also advised this issue may be submitted for a Director's Level of Review.

D. K. SISTO
Warden
California State Prison-Solano

**DECLARATION OF SERVICE BY MAIL**

**[28 U.S.C. §1746]**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOAQUIN CIRIA,                          )          Case No. C 07-4770 MJJ(PR)
                                        )
                        Plaintiff,      )
                                        )
vs.                                     )          DECLARATION OF
                                        )          SERVICE BY MAIL
NICHOLAS J. RUBINO, et al,              )
                                        )
                        Defendants.     )          [28 U.S.C. § 1746]
_____ )

        I, **JOAQUIN CIRIA**, am a resident of the state of California,
county of Solano.  I am over the age of 18 years and the Plaintiff
in the above-entitled cause of action.  My prison address is:
Solano State Prison, Post Office Box 4000, Vacaville, California
95696-4000.  My prison identification is: C.D.C. No. E-89966.
        On January **27**, 2008, I served the foregoing: Plaintiff's
Application for Enalrgement of Time to File Opposition to
Respondent's Motion to Dismiss and Other Pleadings; Declaration
of Joaquin Ciria, In Support [28 U.S.C. § 1746], on the
Defendant's attorney named below, by placing one true and correct
copy thereof, in a sealed envelope with postage fully paid
thereon, and delivering said envelope and above-described legal
papers to a duly authorized California Corrections Officer, as
prescribed and so provided for the deposit of legal  mail in the
United States Mail at Solano State Prison.

        City Attorney of San Francisco
        Attn:  Daniel Zaheer, D.C.A.
        1390 Market Street, 6th Floor
        San Francisco, California 94102-5408

        I declare under penalty of perjury, under the laws of the
state of California, that the foregoing is true and correct, and
that this declaration was executed at Solano State Prison, in
Vacaville, California.

                                By: _Joaquin Ciria_____
                                    JOAQUIN CIRIA
                                    Declarant/Plaintiff In Pro Se

/ / /
/ / /