IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN CIRIA, | No. C 07-4770 MMC |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE JUDGMENT** |
| v. | |
| NICHOLAS J. RUBINO, et al., | **(Docket No. 48)** |
| Defendants. | |

On September 17, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging that four former San Francisco police officers violated his constitutional rights by withholding, prior to plaintiff's criminal trial, evidence of plaintiff's innocence. On September 17, 2008, the Court granted defendants' motion to dismiss the action and entered judgment in favor of all defendants. Now before the Court is plaintiff's motion to vacate the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Defendants have filed an opposition to the motion, and plaintiff has filed a reply.

**FACTUAL AND PROCEDURAL BACKGROUND**

In his complaint and the declaration attached thereto, plaintiff made the following allegations:

In December 1989, when leaving the Amazon Hotel in San Francisco, plaintiff was arrested by undercover police officers. He was taken to a police station, where he was questioned about drugs and contraband found in the hotel. Plaintiff told defendant Officer

1 Rubino ("Rubino") that plaintiff didn't know anything about the drugs. Rubino subsequently
2 released plaintiff, but told plaintiff he would get him sooner or later. When plaintiff returned
3 to his car, a red 1986 Firebird, he discovered certain items were missing from the car. For
4 several months following his release, plaintiff was followed by undercover police officers.
5 Consequently, to avoid being followed, plaintiff, at the end of January 1990, traded his red
6 Firebird for a brown truck belonging to a friend. (Compl. ¶¶ 10-18.)

7 On March 25, 1990, Felix Bastarrica ("Bastarrica") was shot and killed. Plaintiff was
8 identified as a possible suspect. On April 13, 1990, plaintiff, accompanied by his attorney,
9 came to the police station, where he was questioned about his whereabouts on the night of
10 the shooting. Plaintiff explained that on the night in question he had played video games
11 with his stepson at a video arcade and then stopped at Galan's Bar, where he got into a fight
12 with an individual named Roberto and then went home. On April 19, 1990, Rubino arrested
13 plaintiff for the murder of Bastarrica. Plaintiff was taken to the police station and
14 interrogated by defendants Officer Crowley ("Crowley") and Officer Gerrans ("Gerrans").
15 During the interrogation, the officers acknowledged that on the previous night they had gone
16 to Galan's Bar to verify plaintiff's story about the night of the shooting. Additionally, the
17 officers questioned plaintiff about the type of car he owned, specifically, whether he owned a
18 red vehicle. (Id. ¶¶ 22-30.)

19 In 1991, in the Superior Court of San Francisco County, plaintiff was convicted of
20 Bastarrica's murder. In December 2003, plaintiff became aware that prosecutors and their
21 investigating officers have a legal obligation to disclose all exculpatory evidence to a
22 criminal defendant before trial. (Id. ¶ 32.)

23 With the assistance of another inmate who reviewed the legal papers, trial transcripts
24 and police reports from plaintiff's criminal proceedings, plaintiff realized that defendants
25 should have disclosed the following exculpatory evidence to him prior to his criminal trial:
26 (1) surveillance records/reports prepared by defendants and documenting plaintiff's
27 movements and whereabouts from December 1989 to April 19, 1990, which records/reports,
28 plaintiff asserts, contain exculpatory evidence with respect to plaintiff's whereabouts at the

2

time of the shooting; (2) witness statements collected by Crowley and Gerrans at Galan's Bar on April 18, 1990, which statements, plaintiff asserts, will confirm that plaintiff had a jeri curl hairstyle and was wearing a distinctive red and black jacket on the night of the shooting; (3) information as to how defendants knew plaintiff had a jeri curl on the night of the shooting, which information, plaintiff asserts, led them to show, to an eyewitness three days after the shooting, a mug shot of plaintiff with a jeri curl; (4) evidence that the officers knew plaintiff had a jeri curl on the night of the shooting, which evidence, plaintiff asserts, calls into question whether the lineup conducted on April 26, 1990 was unduly suggestive because it included all black males with afros; (5) evidence that Crowley and Gerrans obtained information about plaintiff's ownership of the red Firebird from someone other than plaintiff. (Id. ¶¶ 33-39.)

Based on said allegations, plaintiff claimed his constitutional rights were violated by defendants' failure to disclose material evidence. In support of his claim, plaintiff relied on Brady v. Maryland, 373 U.S. 83 (1963), wherein the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87.

As noted above, by order dated September 17, 2008, this Court granted defendants' motion to dismiss the action. Specifically, the Court found the action was barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a plaintiff, to state a claim under section 1983 for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, must prove the conviction or sentence has been reversed or declared invalid. Id. at 486-87. Here, it was and is undisputed that plaintiff's conviction has not been reversed or declared invalid. Consequently, as the Court found, the instant action is barred under Heck, because a determination that plaintiff is entitled to relief under section 1983 would necessarily imply the invalidity of his conviction. (See Dkt. No 23 at 4-10.) Further, as an alternative ground for dismissal, the Court found the complaint is barred under

3

the applicable statute of limitations. (See Dkt. No. 23 at 10-15.)

On September 2, 2010, the Ninth Circuit Court of Appeals, without addressing the Court's ruling that the claim is barred under Heck, affirmed the dismissal, holding plaintiff's claim was not timely filed and thus is barred by the statute of limitations. (See Dkt. No. 38.)

**DISCUSSION**

A.  Standard of Review

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion to vacate judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff seeks relief under Rule 60(b)(6). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

B.  Analysis

In support of the instant motion, plaintiff argues: (1) the prior dismissal should be vacated in light of the recent Supreme Court decision in Skinner v. Switzer, 131 S. Ct. 1289 (2011); and (2) plaintiff's suit is not time-barred. As discussed below, the Court finds plaintiff's arguments are without merit.

1. Skinner v. Switzer

In Skinner v. Switzer, a state prisoner convicted of capital murder and sentenced to death filed a section 1983 action for injunctive relief, seeking access to untested biological evidence for purposes of forensic DNA testing. 131 S. Ct. at 1293-95. The Supreme Court found Skinner properly invoked section 1983 because "[s]uccess in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction." Id. at 1298 (noting, "[w]hile [DNA] test results might prove exculpatory, that outcome is hardly inevitable"; further noting such "results might prove inconclusive or they might further incriminate Skinner").

Plaintiff argues Skinner changed the controlling law such that "post-conviction access-to-evidence claims are not barred under Heck v. Humphrey." (Pl.'s Mot. Vacate Jgt. at 1-2.) Plaintiff's reading of Skinner is incorrect. Skinner expressly distinguished claims based on asserted Brady violations.

> Nor do we see any cause for concern that today's ruling will spill over to claims relying on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) . . . . To establish that a Brady violation undermines a conviction, a convicted defendant must make each of three showings: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the State suppressed the evidence, "either willfully or inadvertently"; and (3) "prejudice . . . ensued." [Citations.]
>
> Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a Brady claim, when successful postconviction, necessarily yields evidence undermining a conviction: Brady evidence is, by definition, always favorable to the defendant and material to his guilt or punishment. [Citation.] And parties asserting Brady violations postconviction generally do seek a judgment qualifying them for "immediate or speedier release" from imprisonment. [Citation.] Accordingly, Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983.

Skinner, 131 S. Ct. at 1300. Consequently, contrary to plaintiff's assertion, Skinner confirms that the instant section 1983 action is barred by Heck.

Accordingly, Skinner does not provide a basis for vacating the judgment of dismissal.

2. Statute of Limitations

Even assuming Skinner eliminates the Heck bar, which it does not, Skinner has no effect on the Court's alternative ground for dismissal. As noted above, the Ninth Circuit

5

affirmed the judgment of dismissal on such alternative ground. Plaintiff has not offered any new argument with respect to the statute of limitations, and there has been no intervening change in the law applicable thereto.

Accordingly, plaintiff's complaint remains subject to dismissal under the statute of limitations.

## CONCLUSION

For the forgoing reasons, plaintiff's motion to vacate the judgment of dismissal is hereby DENIED.

This order terminates Docket No. 48.

IT IS SO ORDERED.

DATED: May 18, 2012

MAXINE M. CHESNEY
United States District Judge